UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA


| | |
|---|---|
| DENNIS L. HALL                     )<br>                                                   )<br>              Plaintiff,               )<br>     vs.                                  )          No. 1:09-cv-403-WTL-TAB<br>                                                   )<br>EDWIN BUSS, et al.,                )<br>                                                   )<br>              Defendants.           ) | |

**Entry Discussing Complaint
and Directing Further Proceedings**

For the reasons explained in this Entry, legally insufficient claims in the civil rights complaint of plaintiff Dennis Lee Hall (Hall) are dismissed, while other claims will proceed as directed.

**I.**

The Pendleton Correctional Facility (PCF) and the Correctional Industrial Facility (CIF) are Indiana prisons operated by the the Indiana Department of Correction (DOC). Hall is an inmate at the PCF. He alleges that the defendants failed to provide him with adequate medical care during his incarceration at the CIF and that the inadequate care has continued since his relocation to PCF. He seeks injunctive relief and damages. Several of the defendants are associated with the DOC, which has contracted with Correctional Medical Services, Inc. (CMS) to provide certain medical care to inmates at the PCF and the CIF.

**II.**

The complaint is subject to screening pursuant to 28 U.S.C. § 1915A. This statute requires the court to dismiss the complaint or any claim within the complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Id.* at 1965. That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Cir. 1984)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.

#### A.

Claims which are viable shall proceed. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants

    1) Doctor Diane Elrod,
    2) Kim Stigall (the Wishard Coordinator),
    3) Dr. Carr,
    4) Nurse Harris,
    5) Nurse Darrin Badger,
    6) Officer in Charge Ms. Gilliam, and
    7) CMS

in the manner specified by *Fed.R.Civ.P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

#### B.

It takes more than proximity to wrongdoing to support liability in a civil rights action. *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992). Additionally, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. at 1948. Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

Based on the foregoing principle, claims against the following defendants are dismissed as legally insufficient–

    Officer Mene (transport officer)
    Officer Craigo (worked in Hall's housing unit)
    Officer Shank (worked in Hall's housing unit)
    James Dick (grievance administrator)
    Casework Manager Julie Weaver
    Officer in Charge Semler
    Officer Sumter
    Lt. Stonebarger
    Sgt. Nichols

To subject the above named defendants to liability would evade "*Monell's* rule that public employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596 (citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). The most which can be inferred from the complaint is that these defendants did nothing, when they might have gone beyond the requirements of their job and tried to help Hall. No duty to do so existed under the circumstances described by Hall. "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to supply a gratuitous rescue service." *Id.*

Similarly, Hall alleges that 1) John Dallas, Regional Vice President of CMS, 2) Elton Amos, MD, DOC Medical Director, and 3) Bob Bugher, DOC Legal Director, were notified that Hall had a spot on his lung, but they failed to intervene or acknowledge that information. Claims against these defendants must also be dismissed for failure to state a claim upon which relief may be granted. *Burks*, *supra.*

Hall alleges that the DOC Commissioner Edwin Buss, PCF Superintendent Mize, and CIF Superintendent Hanlon are responsible for the policy and procedures implemented by the DOC or at their respective facilities. Hall alleges that these defendants are aware that inadequate medical care is being provided but fail to supervise the medical care providers at the facility. Instead, they implement an unwritten policy of "there is nothing I can do." Claims against these defendants must be dismissed for failure to state a claim upon which relief may be granted. The constitutional standard of care cannot be properly altered by any injunction issued in this case.

It is for this same reason that Hall's claim for injunctive relief to order the DOC to change their unwritten policy of "there is nothing I can do" to policies to guarantee DOC inmates the right to medical care fails. As alleged in the complaint the DOC has relegated to the prison's medical staff the provision of good medical care and individual DOC employees will not be required to tell medical staff how to do their job. The constitutional standard of care cannot be properly altered by any injunction issued in this case, and the Constitution does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment. *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988).

Hall's claim against Jack Binion is also dismissed because there is no allegation of wrongdoing on his part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

## C.

In addition, Hall's claim for injunctive relief to require CMS employees to provide for the evaluation and potential treatment of the spot on his lung may proceed against CMS. However, to the extent Hall intended to allege additional claims against CMS, those claims are dismissed because CMS is a corporation, and a private corporation is not vicariously liable under 42 U.S.C.§ 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009); *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008).

## D.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

## IV.

The plaintiff seeks the appointment of counsel.

Litigants requesting that counsel be recruited must show as a threshold matter that they made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). The plaintiff has not indicated that he has contacted attorneys or organizations in attempts to obtain counsel. Accordingly, the plaintiff's motion for the appointment of counsel (dkt 3) must be **denied.**

**IT IS SO ORDERED.**

Date: 03/31/2010

*William T. Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Dennis L. Hall
DOC 961624
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

    Correctional Officer Gilliam
    Doctor Diane Elrod
    Doctor Richard Carr
    Kim Stigall
    Nurse Darrin Badger
    Nurse Harris        All at: Pendleton Correctional Facility
                                4490 West Reformatory Road
                                Pendleton, IN 46064

Correctional Medical Services
3737 North Meridian St.   Suite 500
Indianapolis, IN 46208